**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Timothy Joest, *on behalf of himself and all others similarly situated,*<br><br>        Plaintiff,<br><br>v.<br><br>Transworld Systems Inc.,<br><br>        Defendant. | Civil Action No: 1:20-cv-3040<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff Timothy Joest ("Plaintiff"), by and through Plaintiff's attorneys, brings this class action to challenge the actions of Defendant Transworld Systems Inc., ("Defendant") with

1

regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Indiana.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical unsophisticated consumer to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

8. Through this Complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.C. § 1692k(d).

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

12. The Plaintiff resides in this Judicial District.

## PARTIES

13. Plaintiff is an adult individual residing in Noblesville, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is "any person" as the term is used in 15 U.S.C. § 1692d preface.

15. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Indiana.

16. Defendant is a debt collection agency and/or debt purchaser operating from an address at 500 Virginia Dr., Suite 514, Ft. Washington, PA 19034, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

17. Defendant is a debt collection agency and/or debt purchaser and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

18. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment otherwise know as a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. Defendant attempted to collect a "debt" from Plaintiff and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

20. Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

21. Plaintiff allegedly incurred a debt to Aspire Indiana, Inc. that was primarily for personal, family or household purposes as defined by §1692(a)(5) (hereinafter, the "Debt").

22. On or after July 18, 2019, Plaintiff received a statement on the Debt from Aspire Indiana, Inc., and as of July 18, 2019, the balance of the Debt was $340.00.

23. On or after August 14, 2019, Plaintiff received another statement on the Debt from Aspire Indiana, Inc., and as of August 14, 2019, the balance of the Debt was $340.00.

24. Upon information and belief, Aspire Indiana, Inc. did not assess interest by contract or by statute upon the Debt.

25. Upon information and belief, Aspire Indiana, Inc. does not assess interest by contract or by statute upon consumer debts it holds.

26. The Debt allegedly owed by Plaintiff went into default.

27. After the Debt went into default, the Debt was placed or otherwise transferred to Defendant for collection.

28. Plaintiff disputes the Debt.

29. Plaintiff requests that Defendant cease all further communication with Plaintiff on the Debt.

30. Defendant's collector(s) were employee(s) and/or representative(s) of Defendant at all times mentioned herein.

31. Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

### *The First Dunning Letter*

32. On or after January 13, 2020, the Plaintiff received a dunning letter from Defendant in an attempt to collect the Debt (the "First Letter"). *See Exhibit "2" attached hereto.*

33. The First Letter states that the Plaintiff owes a balance of $356.77 *See Exhibit "2" attached hereto.*

34. The First Letter appears to add $16.77 in interest and/or other fees to the original balance of $340.00 on the Debt.

35. The First Letter also states "The account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law." *See Exhibit "2" attached hereto.*

### *The Second Dunning Letter*

36. On or after April 22, 2020, the Plaintiff received a dunning letter from Defendant in an attempt to collect the Debt (the "Second Letter"). *See Exhibit "3" attached hereto.*

37. The Second Letter states that the Plaintiff owes a balance of $364.20 *See Exhibit "3" attached hereto.*

38. The Second Letter appears to add $24.20 in interest and/or other fees to the original balance of $340.00 on the Debt.

39. The Second Letter also states "The account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law." *See Exhibit "3" attached hereto.*

40. The Second Letter also provides three different payment plan options that each indicate that the final payment on any plan may be more "because your account is accruing interest." *See Exhibit "3" attached hereto.*

*Defendant's Collection Efforts Were Improper*

41. At the time the First Letter was sent by Defendant, Defendant was not entitled to collect interest from Plaintiff by right of contract.

42. At the time the First Letter was sent by Defendant, Defendant was not entitled to collect prejudgment interest from Plaintiff by statute.

43. At the time of the First Letter was sent by Defendant, Defendant was not entitled to collect any fees on the Debt from Plaintiff.

44. At the time the Second Letter was sent by Defendant, Defendant was not entitled to collect interest from Plaintiff by right of contract.

45. At the time the Second Letter was sent by Defendant, Defendant was not entitled to collect prejudgment interest from Plaintiff by statute.

46. At the time of the Second Letter was sent by Defendant, Defendant was not entitled to collect any fees on the Debt from Plaintiff.

47. Because, upon information and belief, Aspire Indiana, Inc. did not assess prejudgment interest upon the Debt either by contract or by statute, Defendant improperly and unilaterally sought to collect interest from Plaintiff.

48. Any applicable statute for prejudgment interest only allows for the assessment of interest after a judgment has been rendered. *See Spurlock v. Receivables Management Partners, LLC*, No. 1:17-cv-00214-RLY-TAB, 2018 U.S. Dist. LEXIS 70755, at *7-8 (S.D. Ind. Apr. 27, 2018). ("Defendants had no obligation to inform Plaintiff that if it were to file a lawsuit against her, it would seek prejudgment interest, court costs and/or other statutory penalties. Indeed, had they done so, they would have run afoul of the FDCPA.").

49. Plaintiff did not have any judgment on the Debt at the time Defendant sent the First Letter or Second Letter (the "Letters"); therefore, Plaintiff could not have owed prejudgment interest on the Debt.

50. Plaintiff did not have any lawsuit against him on the Debt at the time Defendant sent the Letters; therefore, Plaintiff could not have owed prejudgment interest on the Debt.

51. Defendant made false threats to Plaintiff regarding the amount of the alleged Debt by inflating the overall balance with interest in an attempt to intimidate Plaintiff into making payments and/or impermissibly coerce money out of Plaintiff that Defendant was not entitled to, which violates the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. Ill. 2009) ("A dollar due is a dollar due. Applying an incorrect rate of interest would lead to a real injury . . . ."); *Coyne v. Midland Funding LLC*, 895 F.3d 1035, 1038 (8th Cir. 2018) ("a false representation of the amount of a debt that overstates what is owed under state law materially violates [the FDCPA]"); *Lannan v. Levy & White*, 186 F. Supp. 3d 77, 92 (D.Mass. 2016) ("Including prejudgment interest in the total amount due, viewed from the perspective of the hypothetical unsophisticated consumer, . . . could mislead the consumer as to the amount of the debt actually owed, which in turn could make it difficult for the consumer to respond effectively . . . .") (internal quotations and citations omitted); *see also Fulk v. LVNV Funding LLC*, 55 F. Supp. 3d 967, 973 (E.D.Ky. 2014) ("the Court concludes that, although statutory prejudgment interest is available as a matter of course for liquidated claims under Kentucky law, it was not proper for LVNV to include it prior to receiving a judgment.").

52. Moreover, violations of the FDCPA, such as those detailed above, which would lead a consumer to alter the consumer's course of action as to whether to pay a debt, or which

would be a factor in the consumer's decision-making process, are material. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 827 (7th Cir. 2012).

53. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon vs. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

54. The Seventh Circuit treats "the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) *citing Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir.1999).

55. Here, Defendant's actions would cause the unsophisticated consumer to question the true character of the Debt, and whether the consumer indeed had the rights that Congress granted the consumer under the FDCPA.

56. Plaintiff suffered unnecessary fear and emotional distress believing Defendant could charge Plaintiff interest that he did not in fact owe at the time he received the Letters.

## **VIOLATIONS OF THE FDCPA**

57. Defendant violated several sub-sections of the FDCPA through its form letters to Plaintiff, including, but not limited to, the sub-sections listed below.

58. By stating "The account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law" in the Letters, Defendant violated 15 U.S.C. § 1692d by creating a false sense of urgency that Plaintiff must pay immediately, or else interest would accrue on the Debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

59. By impermissibly adding interest to the alleged balance owed as stated in the Letters, Defendant violated 15 U.S.C. § 1692d by creating a false sense of urgency that Plaintiff must pay immediately, or else interest would accrue on the Debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

60. By indicating that the final payment on any payment plan outlined in the Second Letter may be more than what was listed in the Second Letter "because your account is accruing interest", Defendant violated 15 U.S.C. § 1692d by creating a false sense of urgency that Plaintiff must pay immediately, or else interest would accrue on the Debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

61. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of the Debt, specifically by adding interest to the Debt, attempting to collect interest from Plaintiff, and by stating "the account balance *will* be periodically increased due to addition of interest" in the Letters. (Emphasis added).

62. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of Plaintiff's Debt, specifically by adding interest to the Debt, attempting to collect interest from Plaintiff, and by stating "the account balance *will* be periodically increased due to addition of interest" in the Letters. (Emphasis added).

63. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken, specifically by adding interest to the Debt,

attempting to collect interest from Plaintiff, and by stating "the account balance *will* be periodically increased due to addition of interest" in the Letters. (Emphasis added).

64. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt, specifically by adding interest to the Debt, attempting to collect interest from Plaintiff, and by stating "the account balance *will* be periodically increased due to addition of interest" in the Letters. (Emphasis added).

65. Defendant violated 15 U.S.C. § 1691f(1) by collecting of any amount of interest incidental to the principal obligation which was not expressly authorized by the agreement creating the debt or permitted by law in that Defendant sought to collect interest that Plaintiff did not legally owe and improperly asserted to Plaintiff in the Letters that "the account balance *will* be periodically increased due to addition of interest" and/or that Plaintiff's account "*is* accruing interest." (Emphasis added).

## CLASS ALLEGATIONS

66. Plaintiff brings this action on behalf of himself individually, and on behalf of all others similarly situated ("the Class").

67. Plaintiff represents, and is a member of the Class, defined as follows:

> (i) all persons with addresses within the State of Indiana; (ii) who were sent one or more dunning letter(s) by Defendant; (iii) to recover a consumer debt on behalf of Aspire Indiana, Inc.; (iv) that impermissibly demanded interest; (iv) which was not returned undeliverable by the United States Postal Service; (v) at any time one year prior to the date of the filing of this Action.

68. Defendant and its employees or agents are excluded from the Class.

69. Plaintiff does not know the exact number of persons in the Class, but believe it to be in the several hundreds or more, making joinder of all these actions impracticable.

10

70. The joinder of the Class members is impractical and the disposition of their claims in a class action will provide substantial benefits both to the parties and to the Court. The identity of the individual members of the Class is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

71. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether the Letter violated the FDCPA;

    b. Whether a debt collector has a right to prejudgment interest prior to achieving judgment;

    c. Whether a debt collector is entitled to collect interest when the original creditor has not elected to assess interest on the subject debt;

    d. Whether members of the Class are entitled to the remedies under the FDCPA;

    e. Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA;

    f. Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA;

    g. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and,

    h. Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the FDCPA.


72. As a person that received at least one written communication from Defendant in violation of FDCPA, Plaintiff is asserting claims that are typical of the Class.

73. Plaintiff will fairly and adequately protect the interests of the Class.

74. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

75. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

76. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud. Additionally, members of the Class are unlikely to be aware of their rights.

77. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

78. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via an internet website.

79. Plaintiff requests certification of a hybrid class for monetary damages and injunctive and/or declaratory relief.

**COUNT ONE**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.***

80. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

82. Defendants violations of the FDCPA as alleged above include, but are not limited to: 15 U.S.C. §§ 1692d; 1692e; 1692e(2); 1692e(5); 1692e(10); 1692f; 1692f(1).

83. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages in the amount up to $1,000.00, and such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grant the following:

- That this action be certified as a class action on behalf of the Class as requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- An award of statutory damages of $1,000.00 for Plaintiff and such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15

U.S.C. § 1692k(a)(3), against Defendant;

- Any and all other relief that this Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues to triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 19, 2020

Respectfully Submitted,

By: */s/Thomas E. Irons*

Thomas E. Irons, Esq. #19822-49
Sawin & Shea, LLC.
Attorneys for Plaintiff
6100 N. Keystone Avenue, Suite 620
Indianapolis, IN 46220
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: tirons@sawinlaw.com